## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER DOOLING                :
285 East Village Road            :
Holland, PA 18966               :     CIVIL ACTION
                                     :
              Plaintiff,      :     No.: _____
                                       :
     v.                                  :
                                       :
SCANTEK, INC.                :
1100 Easton Road             :     JURY TRIAL DEMANDED
Willow Grove, PA 19090      :
                                       :
              Defendant.      :

## CIVIL ACTION COMPLAINT

Jennifer Dooling (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Scantek, Inc. (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII.  Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

3.     This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) an (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual with an address as set forth in the caption.

8.     Scantek, Inc. provides document and information management solutions, including document conversion, microfilming, shredding, scanning, data storage, data entry, imaging system implementation, and facilities management services, with an address as set forth in the caption.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

2

## **FACTUAL BACKGROUND**

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a female.

12.     Plaintiff was employed as a Business Development/Account Manager from in or about January of 2017 until her unlawful termination (as discussed *infra*) on or about February 26, 2019.

13.     Plaintiff was the only female on Defendant's sales team.

14.     Plaintiff has over 30 years of sales experience.

15.     During the course of her employment with Defendant, Plaintiff was a hard-working employee who performed her job well, including acquiring and managing several lucrative accounts for Defendant.

16.     Plaintiff was primarily supervised by owners/executive management James Simone, Ronald Simone, and Joseph Simone.

17.     During her tenure with Defendant, Defendant's owners/executive management, including James Simone, Ronald Simone, and Joseph Simone, subjected Plaintiff to severe and pervasive unwelcomed sexually harassing, offensive, and derogatory comments.  By way of specific example, but not intended to be an exhaustive list:

> a.     Plaintiff was regularly subjected to coat hanger jokes at team meetings about her Planned Parenthood account;
>
> b.     Ronald Simone commented to Plaintiff and other employees on multiple occasions that Plaintiff must be sleeping with a customer to have landed her largest account; the comments spread throughout Defendant's workplace causing Plaintiff great embarrassment.

3

    c.  On one occasion Ronald Simone asked Plaintiff to wear a specific dress to a meeting with a client, stating "take that customer out, get him drunk, and do what it takes";

    d.  Joseph Simone and Plaintiff were driving back from a meeting, and he asked Plaintiff if she had seen "the woman with the hijab" on the street. When Plaintiff replied "no," Joseph Simone stated "she had a beautiful face, that's all I could see, but I would like to explode all over that"; and

    e.  When a new Business Development/Account Manager, Tony Hornicek (*hereinafter* "Hornicek") was hired, Joseph Simone came to Plaintiff's office and asked if she had met "Mr. Womb Broom" because Hornicek had a mustache.

18.    Throughout her tenure with Defendant, Plaintiff did her best to either ignore these sexually offensive, harassing, and derogatory comments or indicate through her body language, actions, and protests (including telling James Simone, Ronald Simone, and Joseph Simone to stop), that she was uncomfortable with the comments.[2]

---

[2] Although Plaintiff expressed opposition to the sexually harassing behavior she was subjected to, the relevant caselaw exhibits that complaints are not necessary. *See Townsend v. Benjamin Enters.*, 679 F.3d 41, 44 (2d Cir. 2011) (holding where the alleged harasser is sufficiently high ranking in the company so as to be considered an "alter-ego" or "proxy" of the employer, liability is automatic and the *Faragher/Ellerth* defense is unavailable);); *Johnson v. West*, 218 F.3d 725, 730 (7th Cir. 2000) (explaining supervisors are considered sufficiently high rank to qualify as an employer's proxy or alter ego when the supervisor is a president, owner, proprietor, partner, corporate officer, or otherwise highly-positioned in the management hierarchy); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 516 (9th Cir. 2000) (same); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1232 (10th Cir. 2000) (same); *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152 n.8 (3d Cir. 1999) (recognizing existence of alter-ego theory of liability); *Torres v. Pisano*, 116 F.3d 25, 634-635, and n. 11 (2d Cir.) (same); *Burns v. McGregor Electronic Industries, Inc.*, 955 F.2d 559, 564 (8th Cir. 1992) (same); *Katz v. Dole*, 709 F.2d 251, 255 (4th Cir. 1983) ("Except in situations where a proprietor, partner or corporate officer participates personally in the harassing behavior," an employee must "demonstrat[e] the propriety of holding the employer liable"). In other words, victims of sexual harassment are not required to complain to management where the employer, principal, or owner, and not a coworker or supervisor, is the harasser because the court infers that the employer was, or should have been, aware of the sexual harassment. *See EEOC v. Bryan C. Donohue, M.D., P.C.*, 2011 U.S. Dist. LEXIS 113093, at *69 (M.D. Pa. 2011); *EEOC v. Robert L. Reeves & Assocs.*, 2003 U.S. Dist. LEXIS 24701, *28 (C.D. Calif. 2003).

19. Despite Plaintiff's aforesaid objections and protests to Defendant's owners/executive management, James Simone, Ronald Simone, and Joseph Simone did not stop their sexually harassing and offensive behavior and Plaintiff continued to be subjected to a hostile work environment.

20. In addition to the sexually offensive, harassing, and derogatory remarks that Defendant's owners/executive management, including James Simone, Ronald Simone, and Joseph Simone would make on a consistent basis to Plaintiff, they also discriminated against Plaintiff because she was a female. For example, but not intended to be an exhaustive list:

    a. When Plaintiff was hired, she was given a sales quota of $600,000, which included a new account quota of $300,000 and an existing account management quota of $300,000; however, unlike Defendant's male sales co-workers, Defendant's male owners/executive management never provided Plaintiff with enough existing accounts to meet her quota but instead cherry-picked the most lucrative accounts for themselves;

    b. When Plaintiff was hired she was given a commission compensation plan of 7.5% for new accounts and 3% for management of Defendant's established accounts; however, when Hornicek was hired in or about early 2018, Plaintiff was demoted to a hybrid compensation sales role with a flat 2% commission on all accounts (old or new), with the exception of a few named accounts;

    c. After he was hired, upon information and belief, Hornicek was given several of Plaintiff's accounts that she had been working on for months, which were ready to close and pay commission;

    d. Shortly after Hornicek was hired and Plaintiff was given a demoted role, she was also asked to start punching a time clock. Plaintiff was the only woman on

5

the sales team, and the only person on the team required to punch in and out. Moreover, Defendant's owners/executive management often criticized Plaintiff for not punching in on time despite the fact that she often had early client breakfast meetings outside of the office, which prevented her from punching in;

    e.  Plaintiff was hired for the same position, Business Development/Account Manager, as former male employee Bill Rush and Hornicek, but upon Plaintiff's information and belief, both men received higher salaries;

    f.  In or about October of 2018, Plaintiff's monthly sales quota was raised by $10,000 per month, while Hornicek and other male sales employees did not have their quotas raised; and

    g.  In or about December of 2018, after meeting her new quota for a few months in a row, Plaintiff discovered that other male sales employees received Christmas bonuses, but she was not given one.

21.    Thus, Plaintiff was treated disparately with regard to accounts, quotas, bonuses, and compensation, in addition to a multitude of other hurdles that male sales employees were not subjected to.

22.    Plaintiff was abruptly terminated on or about February 26, 2019,[3] after requesting a meeting with James Simone to discuss the gender discrimination, sexual harassment, unequal pay, and hostile work environment that she had been subjected to (which she memorialized in an email and sent to James Simone shortly before the meeting).

23.    Upon information and belief, after Plaintiff was terminated, her duties were performed by a male sales employee.

---

[3] While Defendant has terminated Plaintiff, it has chosen to keep her in a limited role, without a salary but receiving commissions only on prior accounts she brought close to fruition before her termination.

24.     Furthermore, any time males were hired to the sales team, Defendant's owners/executive management gradually removed more duties from Plaintiff (all to her detriment) as a result of her gender.

25.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment, demoted, and terminated because of her gender and/or in retaliation for protesting and/or complaining of discrimination and sexual harassment (as discussed *supra*).

### COUNT I
### Violations of Title VII
### ([1] Gender Discrimination; [2] Sexual Harassment; [3] Unequal Pay; and [4] Retaliation)

26.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27.     During her tenure with Defendant, Plaintiff was subjected to severe and pervasive sexually harassing and derogatory comments by Defendant's owners/executive management, such that she was subjected to a hostile work environment.

28.     Defendant's owner's/executive management's conduct made Plaintiff extremely uncomfortable, offended Plaintiff, and interfered with her ability to perform her job duties.

29.     Plaintiff did her best to either ignore these sexually offensive and derogatory comments or indicate through her body language, actions, and protests (including telling Defendant's owners/executive management to stop), that she was uncomfortable with the comments; however, the sexually offensive and derogatory comments did not cease.

30.     During Plaintiff's employment with Defendant, she was also subjected to discrimination through disparate treatment and demeaning and/or derogatory treatment by Defendant's owners/executive management because of her gender.

31.     Plaintiff was treated disparately with respect to account assignments, bonuses, quotas, salary, commissions, and termination contrary to her male sales co-workers.

32.     On or about February 26, 2019, in close proximity to Plaintiff's most recent complaints of discrimination and sexual harassment, Plaintiff was abruptly terminated.

33.     Upon information and belief, after Plaintiff was terminated, her work was performed by a male sales employee.

34.     Plaintiff believes and avers that she was subjected to a hostile work environment, demoted, and terminated because of her gender and/or in retaliation for her protests and complaints of discrimination and sexual harassment (as discussed *supra*).

35.     Plaintiff believes and avers that she was not paid an equal salary, bonuses, commissions and other compensation to her male sales counterparts regardless of the fact that, upon information and belief, Plaintiff and her male sales counterparts had similar sales experience, skill sets, and the same job titles (Business Development/Account Manager).

36.     These actions as aforesaid constitute unlawful violations under Title VII.

**COUNT II**
**Violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) [the Equal Pay Act - "EPA"]**
**(Discrimination & Retaliation)**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff was not properly paid an equal salary, bonuses, commissions and other compensation to her male sales counterparts regardless of the fact that, upon information and belief, Plaintiff and her male counterparts had similar sales experience, skill sets, and the same job titles (Business Development/Account Manager).

39.     Plaintiff complained to Defendant's owners/executive management that she believed she was not being paid the same or similar salary, bonuses, commissions and other compensation as her male sales counterparts because of her gender.

40.    Plaintiff's aforesaid complaints under the Equal Pay Act were never properly investigated or resolved by Defendant's owners/executive management.

41.    Instead, Plaintiff was retaliated against and terminated for complaining of unequal pay based upon her gender.

42.    These actions as foresaid constitute violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 30, 2019

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jennifer Dooling | : | CIVIL ACTION |
| v. | : | |
| Scanteck, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 5/30/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   285 East Village Road, Holland, PA 18966

Address of Defendant:   1100 Easton Road, Willow Grove, PA 19090

Place of Accident, Incident or Transaction:   Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   5/30/2019 _____    ARK2484 / 91538 _____
                    *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,   Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☐ Relief other than monetary damages is sought.

DATE:   5/30/2019 _____    ARK2484 / 91538 _____
                    *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DOOLING, JENNIFER

**DEFENDANTS**

SCANTEK, INC.

**(b)** County of Residence of First Listed Plaintiff     Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the Pennsylvania Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
5/30/2019

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

[ Print ]     [ Save As... ]     [ Reset ]